UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> INTERNATIONAL FOOD PRODUCTS, <br> Serve at: <br> 150 Larkin Williams Industrial Court <br> Fenton, MO 63026 <br><br> and <br><br> CAB INVESTMENTS, LLC <br> Serve at: <br> 150 Larkin Williams Industrial Court <br> Fenton, MO 63026 <br><br> and <br><br> MISSOURI EMPLOYERS MUTUAL INSURANCE, <br> Serve at: <br> 101 N. Keene Street <br> Columbia, MO 65201 <br><br> Defendants. | Case No. |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Plaintiff, Zurich American Insurance Company ("Zurich"), by and through the undersigned counsel, pursuant to 28 U.S.C. § 2201, 28 U.S.C. § 1332(a), and Rule 57 of the Federal Rules of Civil Procedure, and for its Complaint, hereby states as follows:

1

## PARTIES, JURISDICTION, AND VENUE

1. Zurich is an insurance company incorporated, organized, and existing under the laws of the State of New York with its principal place of business in the State of Illinois, and it is therefore a corporate citizen of the State of Illinois.

2. Defendant International Food Products Corporation ("IFPC") is a corporation incorporated, organized and existing under the laws of the State of Missouri, with its principal place of business in the State of Missouri and is therefore, a corporate citizen of the State of Missouri.

3. Defendant CAB Investments LLC ("CAB") is a limited liability company existing under the laws of the State of Missouri, with its principal place of business in the State of Missouri. Upon information and belief, all members of CAB Investments are residents of Missouri such that CAB is therefore, a corporate citizen of the State of Missouri.

4. Defendant Missouri Employers Mutual Insurance Company ("MEM") is a corporation incorporated, organized and existing under the laws of the State of Missouri, with its principal place of business in the State of Missouri and is therefore, a corporate citizen of the State of Missouri.

5. Jurisdiction is proper with this Court pursuant to 28 U.S.C. § 2201 because Zurich is seeking a determination of its rights and obligations under an insurance policy.

6. Jurisdiction is proper with this court pursuant to 28 U.S.C. § 1332(a) because the parties are of diverse citizenship and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7. Venue is proper with this Court pursuant to 28 U.S.C. 1391(a) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Missouri.

## GENERAL ALLEGATIONS

*The Policy*

8. Zurich brings this action seeking an interpretation of an insurance policy and a declaration of its rights and obligations thereunder.

9. Zurich issued to IFPC as named insured an insurance policy, Policy No. CPO 0125043-01 with effective dates of May 1, 2016, to May 1, 2017 (the "Policy"). A copy of the Policy is attached hereto as **Exhibit A** and is incorporated by reference as if fully set forth herein.

10. IFPC is an insured under the Policy.

11. CAB is also an insured under the Policy.

12. Subject to certain terms, provisions, definitions, limitations, and exclusions, the Policy provides commercial general liability insurance with limits of $1,000,000 each occurrence and $2,000,000 aggregate.

13. The policy contains the following relevant provisions, among others:

***

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

. . .

**SECTION I ---- COVERAGES**

**COVERAGE A ---- BODILY INJURY AND PROPERTY**

**DAMAGE LIABILITY**

**1.**     **Insuring Agreement**

    **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury " or "property damage" to which this insurance does not apply . . .

. . .

***

**SECTION IV -COMMERCIAL GENERAL LIABILITY CONDITIONS**

. . .

**2.**     **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

    **a.**     You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        **(1)**     How, when and where the "occurrence" or offense took place;

        **(2)**     The names and addresses of any injured persons and witnesses; and

        **(3)**     The nature and location of any injury or damage arising out of the "occurrence" or offense.

    **b.**     If a claim is made or "suit" is brought against any insured, you must:

        **(1)**     Immediately record the specifics of the claim or "suit" and the date received; and

        **(2)**     Notify us as soon as practicable.

        You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    **c.**     You and any other involved insured must:

        **(1)**     Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

      **(2)**    Authorize us to obtain records and other information;

      **(3)**    Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

      **(4)**    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

  **d.**    No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**3.**    **Legal Action Against Us**

No person or organization has a right under this Coverage Part:

  **a.**    To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

  **b.**    To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

****
*The Accident and Subsequent Petitions*

14.    Sometime prior to December 20, 2016, Jason Bridges was employed as a union laborer for Marschel Wrecking, LLC.

15.    According to the claims and lawsuit which have been asserted by MEM against IFPC, The Harlan Company, CAB, and John Doe, on December 20, 2016, Jason Bridges suffered an injury in the course and scope of his employment while using a catwalk, which collapsed.

5

16. According to the claims and lawsuit, on December 20, 2016, Mr. Bridges was working in a vacant food plant/factory located at 8020 Virginia Avenue, St. Louis, Missouri 63111, for purposes of removing old tanks and pipes.

17. According to the claims and lawsuit, Mr. Bridges was preparing a 5,000-gallon dry hopper tank for removal from the factory.

18. According to the claims and lawsuit, while utilizing the catwalk to access the 5,000-gallon drop hopper tank, the catwalk collapsed, thereby causing Mr. Bridges to fall twenty-six (26) feet and three (3) inches to a concrete floor below.

19. IFPC had control and possession of the property located at 8020 Virginia Avenue, St. Louis, Missouri 63111 and was leasing said property.

20. Missouri Employers Mutual Insurance Company ("MEM") provided a workers' compensation insurance policy to Mr. Bridges' employer, Marschel Wrecking, LLC, and provided workers' compensation benefits to Mr. Bridges in excess of $818,906.75.

21. On July 22, 2021, MEM filed a petition against IFPC, the Harlan Company, and John Doe in St. Louis, County, Missouri under case number 21SL-CC03281.

22. On August 6, 2021, IFPC was served the first petition per the affidavit of service filed on August 6, 2021.

23. On August 19, 2021, Attorney Robert Springer entered his appearance for IFPC.

24. On September 10, 2021, MEM dismissed the first petition without prejudice as to IFPC only.

25. On October 6, 2021, MEM filed an amended petition against the Harlan Company, JDJ Properties, LLC, John Doe, and IFPC under the same case number, 21SL-CC03281.

26. On December 21, 2021, MEM dismissed the second petition without prejudice as to all defendants.

27. On December 28, 2021, MEM filed a third petition against the Harlan Company, John Doe, IFPC and CAB in the City of St. Louis under a new case number, 2122-CC09950.

28. In the new action filed in the Circuit Court for the City of St. Louis, MEM sought to recover on theories of premises liability, respondeat superior and negligence claims for both the amounts it paid in relation to Mr. Bridges' injuries, as well as for the value of Mr. Bridges' actual injuries themselves.

### *Late Notice to Zurich*

29. IFPC was allegedly served with the third petition at 150 Larkin Williams Industrial Court in Fenton, Missouri via an "HR admin", Tory Suntrup on or about January 12, 2022.

30. IFPC never informed Zurich of this third petition or that it had been served with same.

31. Neither IFPC nor CAB answered or otherwise responded to the Petition and MEM filed a Motion for Default Judgment on April 25, 2022.

32. On November 4, 2022, default judgment was entered against both CAB and IFPC in the amount of $5 million.

33. On December 22, 2023, Zurich was notified of the default judgment via email.

34. On January 26, 2024, Zurich issued a reservation of rights letter to IFPC regarding coverage issued identified by Zurich in connection with the default judgment and the lack of notice provided to Zurich regarding the lawsuit.

35. On January 26, 2025, Zurich issued a reservation of rights letter to IFPC agreeing to provide a defense of International Food Productions Corporation subject to a reservation of rights.

36. On March 3, 2024, Zurich issued a reservation of rights letter to CAB agreeing to provide a defense of CAB Investments LLC, subject to a reservation of rights.

37. Pursuant to the reservation of rights letters issued by Zurich, Zurich retained defense counsel to assist IFPC and CAB in seeking to have the default judgment set aside so that CAB and IFPC could defend MEM's claims on the merits.

38. On October 20, 2025, the Circuit Court denied the motions to set aside filed by IFPC and CAB.

39. On December 18, 2025, the Circuit Court certified the Judgment as final and appealable and the decision to deny the motions to set aside the judgment against CAB and IFPC has been appealed to the Missouri Court of Appeals.

40. Zurich now seeks a determination that it owes no coverage obligations under the policy to Defendants or anyone else for any claims related to the injury Mr. Bridges sustained on December 20, 2016, due to the failures of CAB and IFPC to comply with the duties and cooperations provisions of the Zurich Policy.

## GROUNDS FOR DECLARATORY RELIEF

41. An actual case or controversy of a justiciable nature exists between Zurich and all of the Defendants concerning the rights and obligations of each party under the Zurich Policy with respect to the claims arising out of MEM's payments and the alleged injuries Mr. Bridges sustained and the judgment regarding same.

42. The resolution of the matters raised in this Complaint for Declaratory Judgment will dispose of all issues and disputes between the parties.

43. All necessary and proper parties are before the Court with respect to the matters in controversy.

44. Zurich has no adequate remedy at law.

## **COUNT I- DECLARATORY JUDGMENT – LATE NOTICE**

45. Zurich incorporates and re-alleges each allegation set forth in Paragraphs 1 through 44 above.

46. As conditions precedent to coverage, the Policy requires that prompt notice of any claim, suit, or proceeding be provided to Zurich.

47. Zurich's policy's prompt notice provision that requires IFPC and CAB ensure that Zurich is notified as soon as practicable of an event which may result in a claim, regardless of the amount; that IFPC and CAB notify Zurich as soon as practicable if a claim is made or suit is brought against it; that IFPC and CAB ensure that Zurich receives written notice of the claim or suit as soon as practicable; and that IFPC and CAB and any other insured involved must immediately send Zurich copies of any demands, notices, summonses, or legal papers received in connection with the claim or suit.

9

48. IFPC and CAB materially breached these conditions precedent to coverage in a multitude of ways, including, but not limited to:

   a. Failing to notify Zurich of the St. Louis City lawsuit filed by Missouri Employers Mutual Insurance Company.

   b. Failing to notify Zurich of the petition filed against it in the St. Louis City lawsuit until after it received notice of the default judgment in December 2023.

   c. Failing to notify Zurich that it had been served with the summons and petition in the St. Louis City lawsuit until December 2023.

49. The aforementioned material breaches of the Policy's conditions precedent to coverage directly and proximately resulted in actual and substantial prejudice to Zurich, including, but not limited to:

   a. An inability to investigate through discovery, depositions and expert assessments the accident and injuries alleged to have been suffered by MEM and/or Mr. Bridges;

   b. An inability to respond to and negotiate the claims asserted in the St. Louis City lawsuit;

   c. An inability to develop facts concerning liability and damages in written discovery, depositions, expert discovery and other discovery methods;

   d. An inability to try the case to a jury;

   e. An inability to participate in a trial, to develop evidence, cross-examine witnesses, or make arguments concerning liability and damages;

    f.   An inability to assert any form of defense to the claims at issue prior to a $5,000,000 judgment being entered that the Circuit Court has refused to set aside; and

    g.   Any further ways revealed during further investigation of this matter.

50.    This nearly two-year delay in providing any notice of Zurich to the fact that CAB and IFPC were both served in the St. Louis City lawsuit constitutes a material breach of the prompt notice provision. IFPC, CAB and all other parties seeking coverage from Zurich unreasonably failed to provide Zurich prompt notice of the suit and allowed the claims at issue to go into default with no defense having been provided, such that no coverage is owed by Zurich with respect to claims arising out of the suit.

51.    The $5,000,000 default judgment award is a direct and proximate result of the prejudice suffered by Zurich as a direct and proximate result of IFPC and CAB's breaches of the conditions precedent to coverage under the Policy.

WHEREFORE, Zurich respectfully requests this Court to declare the rights and obligations of the parties under the Zurich policy and to enter judgment in favor of Zurich, adjudging and declaring that there is no applicable coverage under the Zurich policy for any claims arising out of the December 20, 2021 injuries or the $5,000,000 judgment entered in Missouri Case Number 2122-CC09950, that Zurich has no duty to indemnity any damages related to those claims or damages, and that Zurich is entitled to such further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

**WATTERS WOLF BUB HANSMANN LLC**

*/s/ Timothy J. Wolf*
Timothy J. Wolf, #53099 MO
Lucas J. Ude, #66288 MO
600 Kellwood Parkway, Suite 120
St. Louis, Missouri 63017
(636) 798-0570 Telephone
(636) 798-0693 Facsimile
twolf@wwbhlaw.com
lude@wwbhlaw.com
*Attorneys for Plaintiff Zurich North*
  *American Insurance Company*